Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000387
09-NOV-2015
08:35 AM

NO. CAAP-15-0000387

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v. JOSEPH TUI, JR.,
Defendant-Appellee, DIRECTOR OF HEALTH, DEPARTMENT OF HEALTH,
STATE OF HAWAI'I, Real Party-in-Interest-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NOS. 13-1-0371 AND 13-1-0556)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over the appeal of Real Party-in-Interest-Appellant Director of the State Department of Health (Director) from the Honorable Richard K. Perkins's May 5, 2015 order denying Director's motion for transfer of Defendant-Appellee Joseph Tui, Jr. (Tui) from the Hawai'i State Hospital to the custody of the Director of Public Safety (5/5/15 Order Denying Transfer), because the appeal is moot.

In the instant appeal, Director asserts that the circuit court erred in its 5/5/15 Order Denying Transfer by not transferring Tui to the Director of the Department of Public Safety. Where a subsequent hearing and determination of fitness resulted in the circuit court ordering transfer of Tui to the Director of Public Safety on May 7, 2015--two days after the 5/5/15 Order Denying Motion for Transfer in Cr. 13-1-0375/13-1-0556 from which Director appeals--the remedy of transfer has already been accomplished, and the ICA cannot grant said relief.

Kaho'ohanohano v. State, 114 Hawai'i 302, 332, 162 P.3d 696, 726 (2007) ("a case is moot if the reviewing court can no longer grant effective relief"); State v. Fukusaku, 85 Hawai'i 462, 475, 946 P.2d 32, 45 (1997) ("[a] case is moot where the question to be determined is abstract and does not rest on existing facts or rights").

The ICA has no jurisdiction to decide moot cases where its judgment "could not be carried into effect, or that relief was impossible to grant." Lathrop v. Sakatani, 111 Hawai'i 307, 312, 141 P.3d 480, 485 (2006), quoting TSA Int'l Ltd. v. Shimizu Corp., 92 Hawai'i 243, 265, 990 P.2d 713, 735 (1999) and Wong v. Bd. of Regents, Univ. of Hawai'i, 62 Haw. 391, 394-95, 616 P.2d 201, 204 (1980). The mootness doctrine reflects that the conditions for justiciability--adverse interest and effective remedy--must remain alive throughout the litigation. Wong, 62 Haw. at 394, 616 P.2d at 203-04.

The "capable of repetition yet, evading review" exception to mootness doctrine cited by the Director does not appear to apply. Hamilton Ex Rel Lethem v. Lethem, 119 Hawai'i 1, 5-10, 193 P.3d 839, 843-48 (2008). The Director has not shown that review of adverse trial court decisions could not be obtained through other means, such as a petition for writ of mandamus or prohibition.

Because the instant appeal is moot, we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, November 9, 2015.

Chief Judge

Associate Judge

Associate Judge

2